■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. GREENE, Appellant. [677 NYS2d 804] —Cardona, P. J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered September 18, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant's convictions stem from a street sale of a quantity of cocaine, while under police surveillance, to Investigator Fernando Ortega, an undercover State Police officer, in the City of Ithaca, Tompkins County. The sale, which was videotaped by Ithaca Police Investigator Douglas Martin, did not involve the

typical in-hand exchange of drugs for money. At trial, Ortega testified to an initial failed attempt to purchase drugs from defendant while defendant was seated in a car. Thereafter, Ortega circled the block and returned to see two individuals standing on the corner. One of the individuals called out to him and Ortega lifted both of his hands over his head, a gesture indicating that he was a prospective buyer of narcotic drugs. As he approached he recognized defendant, who asked him what he wanted and Ortega stated that he wanted a "twenty". Defendant responded "I don't know, yo, oh, shit, what's that on the floor?" Defendant looked down as he spoke and took a step back. Ortega saw a small clear plastic baggy which appeared to contain crack cocaine. Ortega picked it up, examined it, put $20 down on the ground in front of defendant and turned to leave stating "good looking out", street slang for thank you. Defendant responded by saying "don't say it was me; fell—ah,—must have been an angel". Defendant is seen in the videotape retrieving the item left by Ortega. The People maintained that defendant threw the cocaine packet on the ground prior to Ortega's approach and consummated the sale by calling Ortega's attention to it.

Because the videotape of the alleged sale did not show defendant actually throwing anything to the ground, the People sought permission prior to the commencement of trial (*see, People v Ventimiglia*, 52 NY2d 350, 362) to introduce another portion of the videotape recorded moments before the encounter with Ortega in the same vicinity. That portion shows defendant, in the company of two other people, throw an item to the ground, then walking away as one of the individuals retrieves it. County Court initially ruled that the People could not use the earlier transaction as a part of their direct case, but reversed itself following opening statements and Ortega's testimony.

Defendant contends that County Court committed prejudicial error by permitting the introduction of the earlier segment of the videotape containing evidence of the uncharged crime because it was ambiguous and not probative. The People counter that the earlier videotape segment was admissible under *People v Molineux* (168 NY 264) to demonstrate defendant's intent to sell and his *modus operandi*, which was relevant on the contested issue of who placed the cocaine packet on the ground.

It is settled law that evidence of similar uncharged crimes is admissible if it "is probative of a legally relevant and material issue before the court" and "its probative value exceeds the

potential for prejudice resulting to the defendant" (*People v Alvino*, 71 NY2d 233, 242). Here, the People's witnesses were unable to testify that they observed defendant in possession of the cocaine packet. Nor was defendant's possession of it readily inferable from the videotape of the charged crimes. Thus, in order to conclusively establish that defendant possessed the cocaine packet with the intent to sell it and that he knowingly sold it, contested elements of the charged crimes (*see*, Penal Law §§ 220.16, 220.39), it was necessary for the People to introduce the videotape evidence of defendant's prior drug-related act, which occurred close in time to the offenses charged, because his method of operation was highly probative of those elements and outweighed any potential prejudice (*see*, *People v Alvino, supra*, at 242).

Defendant also contends that County Court abused its discretion by the timing of its ruling to admit the videotape of the uncharged crime. We find this argument unpersuasive. We note that the court's ruling did not force a change in the defense strategy of innocent presence as evidenced by defense counsel's renewed argument in summation that the videotape still accurately showed that defendant did not do anything wrong. Moreover, defendant can hardly be heard to complain about the prejudicial effect of County Court's ruling when the court's offer of an appropriate limiting instruction (*see*, *People v Williams*, 50 NY2d 996, 998) was rejected.

We have considered defendant's remaining contentions and find that they lack merit.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.