■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AJMAL JUARA, Appellant. [719 NYS2d 102] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered March 23, 1999, convicting him of course of sexual conduct against a child in the first degree, incest, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by vacating the conviction of course of sexual conduct against a child in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant has not preserved for appellate review his contention that his convictions for incest, sexual abuse in the first degree, and endangering the welfare of a child should be vacated because the unsworn testimony of the infant victim was not corroborated by independent evidence (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859; *People v Pinder,* 199 AD2d 544). In any event, it is without merit.

However, as a matter of discretion in the interest of justice (*see,* CPL 470.15 [3]), the conviction for course of sexual conduct against a child in the first degree should be vacated. Pursuant to Penal Law § 130.75 (a), "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration, he or she engages in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, deviate sexual intercourse or aggravated sexual contact, with a child less than eleven years old." The defendant correctly argues, and the People do not contest, that there was no evidence adduced at trial regarding the time period over which the sexual abuse of the subject child was said to have occurred. Accordingly, the conviction of that crime must be vacated and that count of the indictment dismissed. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.