■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK PORTER, Appellant. [725 NYS2d 909] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, the imposition of consecutive sentences was not illegal. Defendant was convicted of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) based on his possession of a "dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]) and his previous conviction "of any crime" (Penal Law § 265.02 [1]). He was also convicted of assault in the second degree for intentionally causing serious physical injury to another person (Penal Law § 120.05 [1]). The crime of criminal possession of a weapon in the third degree was complete when defendant drew the knife in an apparent attempt to intimidate and threaten the victim. Only after defendant chased the victim and struggled with him over the knife did defendant stab the victim, causing serious physical injury (*see, People v Salcedo*, 92 NY2d 1019, 1021-1022; *People v Perez*, 278 AD2d 2; *People v Malave*, 268 AD2d 363, 364, *lv denied* 95 NY2d 799; *People v Estwick*, 266 AD2d 123, 124, *lv denied* 94 NY2d 918).

We reject defendant's contention that the verdict is against the weight of the evidence. Issues of credibility were for the jury to determine (*see, People v Yourdon*, 149 AD2d 974, 975, *lv denied* 74 NY2d 749), and there is no basis to conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Thomas*, 272 AD2d 892, 893, *lv denied* 95 NY2d 858). Finally, Supreme Court properly denied defendant's motion to suppress identification testimony by the victim (*see, People v Mike*, 283 AD2d 989). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.