■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. DOHERTY, Appellant. [762 NYS2d 432] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 23, 2001, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (five counts), sexual abuse in the second degree (two counts), endangering the welfare of a child (six counts), sodomy in the first degree, sodomy in the second degree, course of sexual conduct against a child in the first degree (two counts) and course of sexual conduct against a child in the second degree.

Defendant was convicted on 18 counts of a 19-count indictment charging him with varying degrees of sexual abuse, sodomy, sexual conduct against a child and endangering the welfare of a child. All of the charges arise out of his inappropriate contact with seven young boys between 1997 and 2000. Each of the boys lived near defendant when the incidents took place (three were actually his godsons) and regularly played with his two young daughters and other neighborhood children at his home, mostly while his wife was at work. Sentenced to an aggregate determinate prison term of 58 years on 17 of the 18 counts, as well as an indeterminate prison term of 2⅓ to 7 years on the remaining count, defendant appeals.

None of the issues raised by defendant on appeal warrant extended discussion. Defendant argues that County Court erred in failing to suppress his written statement to police because he was in custody when he gave it. Although the transcript of the *Huntley* hearing clearly supports County Court's factual finding that defendant was *not* in custody at that time, it also establishes that he was, in any event, fully apprised of his *Miranda* rights and readily understood and waived these rights both prior to any questioning concerning the allegations and again before he signed his written statement. Thus, we discern no basis upon which to suppress the statement (*see People v Tinkham*, 273 AD2d 619, 620 [2000], *lv denied* 95 NY2d 872 [2000]; *People v Michaud*, 248 AD2d 823, 824 [1998], *lv denied* 91 NY2d 1010 [1998]).

Viewing the evidence before the jury in a neutral light and giving due deference to its resolution of credibility issues, we are also unpersuaded by defendant's claim that the verdict is against the weight of the evidence (*see e.g. People v Shook*, 294

AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Nailor*, 268 AD2d 695, 696 [2000]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant denied all allegations during his trial testimony, each of the seven victims testified with particularity about the sex-related act or acts committed against him by defendant. This conduct ranged from showing certain of the victims pornographic magazines, videos and/or computer Web sites, to fondling certain of the victims' penises to forcing others to sodomize him. While some of the victims had trouble recalling the precise dates of the acts of abuse and/or were cross-examined about alleged motives to fabricate their claims, each remained steadfast in their allegations that the incident or incidents took place. Thus, the contradictions in proof, minor inconsistencies in some of the victims' testimony and alleged motives to falsify were credibility issues for the jury to resolve and will not be disturbed by this Court (*see People v Kirkey*, 248 AD2d 979 [1998], *lv denied* 92 NY2d 900 [1998]; *People v Waite*, 243 AD2d 820, 821-822 [1997], *lv denied* 91 NY2d 882 [1997]; *People v Corbett*, 208 AD2d 1059 [1994]; *see also People v Jackson*, 297 AD2d 607 [2002], *lv denied* 99 NY2d 559 [2002]).

Furthermore, we reject defendant's claim that he could not be convicted of both sodomy in the first degree under count five of the indictment and endangering the welfare of a child under count six since each involved the same victim and same sexual act (i.e., the evidence established that defendant pulled down this particular victim's pants while the two were alone and put the victim's penis into his mouth) (*see People v Bacchus*, 175 AD2d 248, 249 [1991], *lv denied* 79 NY2d 824 [1991]; *People v Egan*, 103 AD2d 940, 941 [1984]).

Nor was an error committed in permitting an expert witness to testify generally about child sexual abuse accommodation syndrome. This expert's testimony was offered to assist the jury in understanding unusual conduct of the victims, particularly their failure to disclose the abuse, and in no way directly impugned defendant or bolstered the testimony of any victim (*see People v Carroll*, 95 NY2d 375, 387 [2000]). Indeed, it was made clear to the jury that this expert never interviewed any of the victims or defendant himself, and she did not offer any opinion directly linked to the testimony or evidence in this case (*see People v Carroll*, 300 AD2d 911, 914 [2002]).

Finally, given the young age of his numerous victims, the position of trust he held over each of them, particularly his godsons, and the heinous nature of the crimes, we decline to modify the sentence (*see People v Sehn*, 295 AD2d 749, 751

[2002], *lv denied* 98 NY2d 732 [2002]; *People v Nailor, supra*; *People v Miller*, 226 AD2d 833, 837 [1996], *lv denied* 88 NY2d 939 [1996]).

We have considered defendant's remaining contentions and find them to be equally without merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.