■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN E. HIGGINS, Appellant. [784 NYS2d 232]—

Mercure, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered December 11, 2001, upon a verdict convicting defendant of the crimes of rape in the third degree (two counts), incest, endangering the welfare of a child (seven counts) and sodomy in the third degree (two counts).

In September 2000, the then 16-year-old victim contacted police, alleging that she had been sexually abused by defendant, her father, since she was nine years old. The victim also stated that defendant had sex with her 15-year-old friend. After State Police investigators read defendant his *Miranda* rights, he signed a written statement indicating that it was possible that he had sex with his daughter while drunk. Defendant was ultimately charged in an indictment with 120 crimes, including multiple counts of sodomy in the first degree, rape in the first degree and endangering the welfare of a child.

Following trial, 88 counts of the original 120-count indictment were submitted to the jury. Defendant was convicted of two counts of rape in the third degree, incest, seven counts of endangering the welfare of a child and two counts of sodomy in the third degree. His subsequent motion to set aside the verdict was denied and he was sentenced to an aggregate prison term of 5$^{1}/_{3}$ to 16 years. Defendant appeals and we now affirm.

Defendant argues that he was denied his right to confront his accuser, asserting that psychological records maintained by social workers who counseled the victim both prior to and after defendant's arrest should have been admitted to demonstrate that the victim was disruptive, troubled and taking medication that made her appear more credible while testifying. CPLR 4508 (a) provides that a certified social worker is not required to disclose, except in certain limited circumstances, "[c]onfidential information" communicated by a client and "advice given thereon, in the course of . . . professional employment." Thus, to the extent that defendant sought these records merely to search for information to impeach the victim's credibility, County Court properly refused to admit the records into evi-

dence (*see People v Gutkaiss*, 206 AD2d 628, 630 [1994], *lv denied* 84 NY2d 936 [1994]; *People v Lussier*, 205 AD2d 910, 911 [1994], *lv denied* 83 NY2d 1005 [1994], *cert denied* 513 US 1078 [1995]; *cf. People v Baranek*, 287 AD2d 74, 78-80 [2001]). Contrary to defendant's argument, the victim did not waive the privilege merely by testifying that she was taking prescription medication that would alter her behavior. The victim was not a party to this criminal action and her mental status was not at issue in the case (*see People v Berkley*, 157 AD2d 463, 465-466 [1990], *lv denied* 75 NY2d 917 [1990]).

Moreover, insofar as defendant sought to introduce records regarding the victim's counseling to demonstrate that she failed to report the abuse during numerous counseling sessions, the testimony permitted was sufficient to apprise the jury of this fact. After reviewing the pertinent records and examining one social worker in camera, County Court permitted the victim's therapists to testify that they treated her, defendant and the victim's mother. Thereafter, defendant's counsel noted in his summation that the victim's counselors did not report any crimes perpetrated against her and the court instructed the jury that both social workers would have a professional obligation to report any instances of suspected child abuse or maltreatment revealed during the course of the victim's treatment. Further, the victim testified that she told only a few friends about the abuse. In our view, County Court's refusal to permit the social workers to testify further was not error in light of the privilege contained in CPLR 4508 and did not effectively prevent defendant from confronting his accuser.

We further reject defendant's assertion that County Court erred in admitting evidence of defendant's prior uncharged crimes involving the victim and her friend, as well as testimony regarding a history of suicide in defendant's family. Defendant alleges that the effect of the evidence was to create the impression that he was an uncontrollable, manipulating father who plied the victim with drugs and committed reprehensible acts over a long period of time, as well as that he was a psychologically damaged individual. Although evidence of similar uncharged crimes is not admissible to prove a defendant's propensity to commit the specific crime charged (*see People v Rojas*, 97 NY2d 32, 36 [2001]), such evidence "is admissible if it 'is probative of a legally relevant and material issue before the court' and 'its probative value exceeds the potential for prejudice resulting to the defendant'" (*People v Greene*, 252 AD2d 746, 747-748 [1998], *lv denied* 92 NY2d 925 [1998], quoting *People v Alvino*, 71 NY2d 233, 242 [1987]). Thus, evidence of

uncharged crimes or bad acts may be admitted if it establishes an element of the crime charged, such as the element of forcible compulsion in a rape case (*see People v Cook*, 93 NY2d 840, 841 [1999]), is "inextricably interwoven with the charged crime[ ], provide[s] necessary background[,] . . . complete[s] a witness's narrative" (*People v Tarver*, 2 AD3d 968, 969 [2003]), or falls within the five general *Molineux* exceptions—motive, intent, the absence of mistake or accident, a common scheme or plan, and identity (*see People v Molineux*, 168 NY 264, 293 [1901]; *see also People v Rojas, supra* at 37-38).

Here, the evidence of eight prior uncharged crimes involving sex acts and drug use with the victim and her friend was admissible for the purpose of establishing the element of forcible compulsion (*see* Penal Law § 130.35 [1]; § 130.50 [1]) and to provide necessary background regarding defendant's relationship with the victim (*see People v Cook, supra* at 841; *People v McClain*, 250 AD2d 871, 872 [1998], *lv denied* 92 NY2d 901 [1998]). The evidence of the history of suicide in defendant's family—which, contrary to defendant's assertions does not constitute a prior bad act—was both relevant to the element of forcible compulsion and completed the victim's narrative, further explaining her testimony that defendant's threats of suicide compelled her to submit to his abuse. Indeed, the challenged evidence "was explanatory of the victim['s] behavior in that it completed the narrative of the abusive and controlling setting in which the criminal acts occurred and defendant's motives in perpetrating these acts and opportunity to do so, and tended to show the absence of mistake or accident" (*People v Watson*, 281 AD2d 691, 694 [2001], *lv denied* 96 NY2d 925 [2001]). Given the purposes for which the evidence of uncharged crimes was admitted and in light of County Court's appropriate limiting instructions, we cannot say that the court's ruling constituted an abuse of discretion.

Finally, we reject defendant's argument that County Court erred in permitting the People's expert, Eileen Treacy, to testify as a rebuttal witness regarding child sexual abuse accommodation syndrome. It is well settled that such expert testimony "may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand," such as a child's failure to promptly complain of abuse (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Kukon*, 275 AD2d 478, 478-479 [2000], *lv denied* 95 NY2d 936 [2000]). Here, Treacy merely testified generally about this syndrome and did not attempt to prove that the charged crimes occurred (*cf. People v Taylor*, 75 NY2d 277, 293 [1990]). Indeed, defendant asserts

in his brief that Treacy never met or treated the victim or her friend, or reviewed any notes pertaining to them. Accordingly, we perceive no error in admitting Treacy's testimony (*see People v Doherty*, 305 AD2d 867, 868 [2003], *lv denied* 100 NY2d 580 [2003]).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.