■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. CAMPBELL, SR., Appellant. [793 NYS2d 647]—

Rose, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered June 17, 2003, convicting defendant following a nonjury trial of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was charged in a nine-count indictment with various crimes involving his sexual contact with the then nine-year-old victim and 13-year-old victim in April and May 2002. He moved to dismiss the entire indictment on the ground that the integrity of the grand jury had been impaired because the

seventh count of the indictment described a different type of sexual contact than the older victim had alleged in her grand jury testimony. In response, County Court dismissed the seventh count only. Following a bench trial, defendant was acquitted of four of the remaining eight counts, but found guilty of one count of sexual abuse in the first degree and one count of endangering the welfare of a child for each victim. He was then sentenced to two consecutive prison terms of seven years for the sexual abuse convictions and two concurrent one-year prison terms for the endangering the welfare of a child convictions.

Defendant appeals, contending initially that the verdict is against the weight of the evidence. We disagree. Each victim testified consistently and with particularity about the sexual acts committed against her by defendant. Although the victims had trouble recalling the precise times or dates of some of the acts of abuse, each steadfastly maintained that the incidents of sexual contact took place. Viewing the evidence before County Court in a neutral light and with due deference to its resolution of credibility issues (*see e.g. People v Nailor*, 268 AD2d 695, 698 [2000]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that the victims' testimony has been given the weight it should be accorded. Any inconsistencies regarding dates and times did not render all of their testimony incredible as a matter of law, and we find no basis upon which to disturb County Court's resolution of these credibility issues (*see People v Doherty*, 305 AD2d 867, 868 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Shook*, 294 AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Alford*, 287 AD2d 884, 887 [2001], *lv denied* 97 NY2d 750 [2002]). Also, where defendant presented convincing proof that he had been at work on some of the occasions testified to by the victims, County Court acquitted him of the charges relating to those occasions. Defendant's contention that County Court thereby effectively shifted the burden to him to prove that he had been elsewhere on every possible occasion testified to by the victims is baseless.

Defendant also contends that defense counsel was ineffective because he failed to move to dismiss the indictment for its failure to provide more specific dates and times. Again, we cannot agree. Since the indictment was not jurisdictionally defective, trial counsel cannot be faulted for failing to advance a losing argument (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v McDonald*, 255 AD2d 688, 689 [1998]). While defendant cogently adds that counsel should have requested a bill of particulars specifying the dates and times of the alleged offenses, we note that counsel effectively cross-examined the victims regarding

their uncertainty as to dates and times and, thus, defendant is unable to show any prejudice (*see People v Swackhammer*, 260 AD2d 939, 941 [1999], *lv denied* 93 NY2d 1028 [1999]; *People v Jackson*, 172 AD2d 874, 875 [1991], *lv denied* 78 NY2d 923 [1991]).

Finally, we find no merit in defendant's remaining contentions, including his claims that County Court erred in failing to dismiss the entire indictment based on the infirmities of count seven (*see People v De Vivo*, 282 AD2d 770, 772 [2001], *lv denied* 96 NY2d 900 [2001]) and that County Court imposed a harsh and excessive sentence (*see e.g. People v Nickel*, 14 AD3d 869, 872-873 [2005], *lv denied* 4 NY3d 834 [2005]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.