(June 9, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RAYMO, Appellant. [796 NYS2d 448]—

Crew III, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 2, 2001, convicting defendant following a nonjury trial of the crimes of sodomy in the first degree (two counts), course of sexual conduct against a child in the first degree (two counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was charged with and convicted of two counts each of sodomy in the first degree, course of sexual conduct against a child in the first degree, sexual abuse in the first degree and endangering the welfare of a child involving the two young children of a woman with whom he was cohabiting at the time. The conduct in question occurred over the summer and fall of 1998. County Court sentenced defendant to an aggregate prison term of 12¹/₂ years and defendant now appeals.

Initially, defendant claims that the verdict was against the weight of the evidence by reason of the inconsistent and, in some instances, contradictory testimony of the two young victims of these crimes. While there were some notable discrepancies in the children's testimony, we have previously noted that it is not uncommon for young children to be uncertain and even inconsistent in their trial testimony (*see People v Wagner*, 178 AD2d 679, 680 [1991]). In the end, we note only that the complained of inconsistencies did not relate to whether the alleged sexual conduct occurred; in that regard, the children were resolute. Accordingly, we cannot say that the children's testimony was incredible as a matter of law (*see People v Allen*, 13 AD3d 892, 894 [2004]), and giving deference to County Court's credibility determinations, as we must, we are unable to conclude that the verdict was against the weight of the evidence (*see e.g. People v Massmann*, 13 AD3d 808, 809 [2004]).

Next, defendant contends that counts one, two, five and six of the indictment are duplicitous and should be dismissed. Initially, we observe that defendant failed to preserve this issue for review

by neglecting to move, pretrial, for dismissal (see e.g. *People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]). However, we feel compelled to reach this issue in the interest of justice (see CPL 470.15 [3] [c]). While counts one, two, five and six facially charged but one criminal act, the evidence makes plain that each count encompasses multiple criminal acts during the summer of 1998 making it "virtually impossible to determine the particular act [as to each count] as to which the [court] reached [its] verdict" (*People v Keindl*, 68 NY2d 410, 421 [1986]). Accordingly, those counts of the indictment clearly are duplicitous and must be dismissed (see *People v Levandowski*, 8 AD3d 898, 899 [2004]).

Defendant further contends that his convictions of course of sexual conduct must be dismissed because they were not supported by legally sufficient evidence. The crux of defendant's argument is that the crimes were described to have occurred in the summer of 1998, and "summer" comprises the months of June, July and August. Inasmuch as the victims were unable to recall specific occurrences, the argument continues, we do not know when the conduct commenced and there is, therefore, insufficient evidence to establish that it occurred over a period of not less than three months. This argument ignores the fact that the testimony revealed that the acts began while on camping trips in the summer of 1998 and continued after the victims went back to school. Finally, the evidence revealed that the last such conduct occurred between Thanksgiving and Christmas 1998. Thus, while the record contains no finite times as to the commencement and conclusion of defendant's conduct, it nonetheless readily can be determined that it occurred over a period of not less than three months. As to defendant's assertion that the fourth count of the indictment is facially defective in that it does not specify where or when the crime occurred, we need note only that defendant failed to raise such issue by way of pretrial motion and has, thus, failed to preserve the issue for appellate review (see *People v Stabb*, 9 AD3d 738, 739 [2004], *lv denied* 3 NY3d 712 [2004]).* We have considered defendant's remaining contentions and find them equally unavailing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defen-

---

* It is clear that the missing time frame in count four is a typographical error that could have been corrected had defendant timely complained (see CPL 200.70 [1]; *People v Plaisted*, 1 AD3d 805, 806 [2003]). Moreover, the record reflects that defendant indeed had notice of the time period during which the abuse occurred (see *People v Squire*, 273 AD2d 706 [2000]).

dant of sodomy in the first degree and sexual abuse in the first degree under counts one, two, five and six of the indictment; said counts dismissed; and, as so modified, affirmed.