■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK H. WEBER, Appellant. [807 NYS2d 222]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered July 2, 2002 in Rensselaer County, upon a verdict convicting defendant of the crimes of sexual abuse in

the first degree, course of sexual conduct against a child in the second degree and endangering the welfare of a child.

Defendant was originally indicted on 37 counts alleging that he had sexual contact with 13 young girls at his home in the Town of Nassau, Rensselaer County, between the summer of 1996 and August 2000. Many of the counts were dismissed for duplicity or severed.* Thereafter, the People resubmitted the matter to another grand jury which handed up a four-count indictment concerning three of the same girls. The remaining 13 counts were consolidated and defendant was ultimately tried on 13 charges relating to those three girls—seven counts of course of sexual conduct against a child in the second degree, five counts of sexual abuse in the first degree and one count of endangering the welfare of a child. After a jury trial, defendant was convicted on three counts: one count of each crime, all relating to the same girl (hereinafter the victim), but acquitted of all counts related to the victim's sister and the victim's friend. Defendant was subsequently sentenced to consecutive prison terms of 3 1/2 to 7 years upon his felony convictions, and to a one-year concurrent term for his conviction of endangering the welfare of a child. Defendant now appeals.

Defendant's initial contention is that his conviction on count six of the indictment, course of sexual conduct against a child in the second degree, was against the weight of credible evidence. That crime requires the People to prove that "over a period of time not less than three months in duration . . . [defendant] engage[d] in two or more acts of sexual conduct with a child less than eleven years old" (Penal Law § 130.80 [1] [a]; *see People v Harp*, 20 AD3d 672, 672-673 [2005], *lv denied* 5 NY3d 852 [2005]). The indictment charged defendant with engaging in two or more such acts with the victim, born in March 1988, "on or about June of 1998, through on or about September of 1998." The victim, age 14 at trial, testified that during those months, when she was 10 years old, she was close friends with defendant's daughter and went over to defendant's house more than once a month; every time she went over, they went swimming in the pool in defendant's backyard and defendant would join them and throw her up in the air in the pool and, in the process, put his fingers under her bathing suit and touch her vagina. The victim also recounted that during that time period, each time she went to defendant's house he also went into the

---

* County Court (McGrath, J.), dismissed 10 counts of sexual abuse in the first degree as duplicitous based upon the victims' grand jury testimony and severed 16 misdemeanor counts relating to nine of the victims. Supreme Court (Teresi, J.) later severed two other sexual abuse counts.

hot tub with the children, where he would have her sit in front of the jets causing her bathing suit to expand and, when he did so, would touch her vagina with his fingers. The victim's presence at defendant's home during this time period was amply confirmed by other testimony, as were defendant's practices of throwing the children in the pool and expanding their bathing suits in the hot tub.

The victim testified that she did not report defendant's sexual touching, which continued for four years, because she believed it may have been accidental, she was friends with defendant's daughter and defendant was otherwise nice to her. Although defendant's actual sexual contact with the victim was not observed by the other children in the pool or tub, there was nothing incredible or inherently unbelievable about her testimony, and we discern no basis upon which to disturb the jury's credibility assessment, made after hearing her testimony and observing her demeanor (*see People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *see also People v Harp, supra*). The minor uncertainties or inconsistencies in her testimony concerned the frequency of the visits or the details of their activities and were understandable, and did not relate to whether the described sexual touching occurred repeatedly over that period of time (*see People v Raymo*, 19 AD3d 727, 729 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Campbell*, 17 AD3d 925, 926-927 [2005], *lv denied* 5 NY3d 760 [2005]; *People v Barber*, 13 AD3d 898, 900 [2004], *lv denied* 4 NY3d 796 [2005]). Weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences to be drawn (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we do not find that defendant's conviction of course of sexual conduct against a child in the second degree was contrary to the weight of credible evidence.

To the extent that defendant now raises a challenge to the sufficiency of the proof regarding the course of sexual conduct offense, he did not raise it at trial and no objection was raised to the charge as given and it is, thus, unpreserved for our review (*see* CPL 470.15). In any event, the testimony established that on more than two occasions between June and September 1998, a period of at least three months, defendant subjected the victim to proscribed sexual conduct, providing legally sufficient evidence to support the jury's verdict (*see* Penal Law § 130.80 [1] [a]; *see also People v Harp*, 20 AD3d 672, 673 [2005], *supra*; *People v Raymo, supra*; *People v Ortiz*, 16 AD3d 831 [2005], *lv denied* 4 NY3d 889 [2005]; *People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]; *see generally People v*

*Shack*, 86 NY2d 529, 540 [1995]; *cf. People v Juara*, 279 AD2d 479, 480 [2001], *lv denied* 96 NY2d 831 [2001]).

Next, defendant failed to preserve his contention that count one of the (second) indictment, charging sexual abuse in the first degree, occurring "on or about the [s]ummer of 1996," was duplicitous (*see* CPL 200.30)—which he now premises upon the victim's testimony before the second grand jury and at trial—by either moving to dismiss that count prior to trial (*see People v Raymo, supra* at 728-729) or at the time of the victim's trial testimony (*see People v Bruce A.*, 141 AD2d 736, 737 [1988], *lv denied* 72 NY2d 954 [1988]; CPL 470.05 [2]). In any event, count one facially charged but one act of sexual abuse during that time period (*see People v Keindl*, 68 NY2d 410, 417-418 [1986]) and the victim's trial testimony regarding that summer did not make it "virtually impossible to determine the particular act of . . . sexual abuse as to which the jury reached a unanimous verdict" (*id.* at 421; *cf. People v Raymo, supra*; *People v Levandowski*, 8 AD3d 898, 899 [2004]; *People v Hagenbuch*, 267 AD2d 948 [1999], *lv denied* 95 NY2d 797 [2000]). While the victim testified as background and for context that during the summer of 1996 she was friends with defendant's daughter and went to defendant's house "a lot" to swim and go in the hot tub, the prosecutor's questions regarding the charged incident of sexual abuse were prefaced by directing the victim's "attention to a specific day." Although the victim was unable to recall an exact date, her testimony described a particular instance in which defendant threw her in the pool and touched her vagina. While the victim's testimony also included references to what defendant "would" do, i.e., describing his modus operandi which began that summer, this did not call upon defendant to answer for more than one offense in count one or make it impossible to determine for which act of sexual abuse the jury reached a unanimous verdict (*see People v Keindl, supra* at 417, 421).

Defendant also argues that the time frames contained in the three counts of which he was convicted were insufficient, overly broad and violative of CPL 200.50 (6). Count one charged sexual abuse "on or about the [s]ummer of 1996," when the victim was eight years old. Time was not an essential element of the crime and, in light of all of the circumstances of this case, we find that the allegation was reasonably specific as to the time period for the commission of that act (*see People v Shack, supra*; *People v Watt*, 84 NY2d 948, 951 [1994]; *People v Watt*, 81 NY2d 772, 774-775 [1993]; *People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]; *People v Bolden*, 194 AD2d 834 [1993], *lv denied* 82 NY2d 714 [1993]; *see also People v Keindl*,

*supra* at 416, 419; *People v Morris*, 61 NY2d 290, 293, 295-296 [1984]). Defendant also challenges the sufficiency of the dates contained in count six, described above, and count eight, endangering the welfare of a child "on or about April of 1999, through on or about June of 2000." Both are continuing crimes (*see People v Keindl, supra* at 420-422; *People v Green*, 17 AD3d 1076, 1077 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Colf, supra*) permitting an allegation that the offenses occurred "over a significant period of time" (*People v Shack, supra* at 540). Count six, by definition, required that the conduct occurred "over a period of time not less than three months in duration" (Penal Law § 130.80 [1]), and the time period alleged in count eight was sufficient to permit defendant to prepare a defense (*see People v Watt*, 84 NY2d 948, 949 [1994], *supra*; *People v Watt*, 81 NY2d 772, 774-775 [1993], *supra*; *People v Keindl, supra* at 419-422; *People v Morris, supra* at 295).

We further reject defendant's assertion that Supreme Court erred in permitting the People's expert to testify regarding child sexual abuse accommodation syndrome (*see People v Higgins*, 12 AD3d 775, 778 [2004], *lv denied* 4 NY3d 764 [2005]). The expert's testimony remained generalized and stayed within permissible bounds, clearly reflecting that she had not met the victim; she did not attempt to prove that the charged crimes occurred, that the victim's behavior was consistent with sexual abuse or that defendant fit any abuser profile (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Higgins, supra*; *People v Doherty*, 305 AD2d 867, 868 [2003], *lv denied* 100 NY2d 580 [2003]; *cf. People v Taylor*, 75 NY2d 277, 293 [1990]). Defendant was permitted to exhaustively cross-examine this witness and to submit the testimony of a defense expert who called into doubt much of her testimony, the court provided proper instructions on the limited use of this testimony, and we discern no error.

Moreover, we perceive no abuse of discretion in the denial of defendant's omnibus request for a taint hearing and his trial request to introduce expert testimony to explore the suggestibility of children during police interrogations (*see People v Williams*, 97 NY2d 735, 736 [2002]; *People v Nickel*, 14 AD3d 869, 870-871 [2005], *lv denied* 4 NY3d 834 [2005]; *People v Wilson*, 255 AD2d 612, 612-613 [1998], *lv denied* 93 NY2d 981 [1999]). Defendant's attempt to show that this issue was beyond the ken of jurors or that these victims had been subjected to undue suggestion or coercion was speculative, and the defense had a full opportunity to address this allegation on cross-examination of the victims, defendant's children and the police investigators (*see People v Nickel, supra*; *People v Kemp*, 251 AD2d 1072

[1998], *lv denied* 92 NY2d 900 [1998]; *see also People v Kanani*, 272 AD2d 186, 187 [2000], *lv denied* 95 NY2d 935 [2000]).

Finally, a review of the record does not support defendant's contention that the People engaged in prosecutorial misconduct requiring a new trial by repeatedly questioning various witnesses regarding other children to raise the specter that others had been abused by defendant. Many of the references now cited were not objected to at trial and Supreme Court sustained objections when raised, striking the testimony. Although there were unnecessary references to other alleged victims, they were brief and general and were not so prejudicial as to constitute prosecutorial misconduct or to deprive defendant of a fair trial (*see People v Taylor*, 23 AD3d 693, 695 [2005]; *cf. People v De Vito*, 21 AD3d 696, 699-700 [2005]).

We have reviewed each of defendant's remaining contentions, many of which were not raised before Supreme Court, and conclude that none is meritorious.

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.