■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PRINGLE, Appellant. [896 NYS2d 772]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 5, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

We reject the contention of defendant that he was denied his right of confrontation when Supreme Court admitted in evidence the victim's statement to the police identifying defendant as the perpetrator. The victim testified at trial and was subjected to extensive cross-examination concerning that statement (see generally Crawford v Washington, 541 US 36 [2004]). We further conclude that the victim's statement was admissible under the excited utterance exception to the hearsay rule (see People v Cotto, 92 NY2d 68, 78-79 [1998]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial

by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]; *People v Melendez*, 11 AD3d 983 [2004], *lv denied* 4 NY3d 888 [2005]). In any event, that contention is without merit. Although we agree with defendant that, in two instances, the prosecutor improperly vouched for the credibility of the victim, and such conduct is not to be condoned, we nevertheless conclude that it was not so egregious as to deprive defendant of a fair trial (*see People v White*, 291 AD2d 842 [2002], *lv denied* 98 NY2d 656 [2002]). We reject the further contention of defendant that he was denied effective assistance of counsel based on, inter alia, the failure of defense counsel to make certain motions. Defendant failed to demonstrate that those motions, if made, would have been successful (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Peterson*, 19 AD3d 1015 [2005], *lv denied* 6 NY3d 851 [2006]), and we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.