■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [900 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 13, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), arising from an incident in which defendant stabbed his neighbor with a knife in the hallway of their duplex apartment. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we reject the contention of defendant that the evidence is legally insufficient to establish that he possessed the knife with the intent to use it unlawfully. The evidence at trial established that the victim knocked on defendant's door in response to loud music, that defendant answered the door with the knife already in his hand, and that he stabbed the victim with the knife three times. Even assuming, arguendo, that defendant initially possessed the knife for a lawful purpose, we conclude that there is ample evidence from which the jury could infer that, at some point during the altercation, defendant formed the requisite intent to use it unlawfully (*see People v Gonzalez*, 64 AD3d 1038, 1041 [2009], *lv denied* 13 NY3d 796 [2009]; *see also People v Porter*, 284 AD2d 931 [2001], *lv denied* 96 NY2d 906 [2001]; *People v Leon*, 163 AD2d 740, 742 [1990], *lv denied* 77 NY2d 879 [1991]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although there were inconsistencies in the trial testimony of the victim and between his grand jury and trial testimony, the victim's testimony was not so inconsistent as to be incredible as a matter of law (*see People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]). Testimony will be deemed incredible as a matter of law only where it is "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Stroman*, 83 AD2d 370, 373 [1981]), and that is not the case here. Further, it is well settled that credibility issues are best resolved by the jury (*see People v Harris*, 15 AD3d 966 [2005], *lv denied* 4 NY3d 831 [2005]), and we perceive no basis to disturb its determination.

The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation is not preserved for our review (*People v Pringle*, 71 AD3d 1450 [2010]). In any event, the prosecutor's allegedly improper comments did not " 'cause[ ] such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). Finally, considering the violent nature of the crime and the injury sustained by the victim, we conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.