# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**265**
**KA 14-00929**
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

HORACE D. WHIPSET, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 13, 2014.  The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]), arising from an incident in which defendant and another individual robbed money from the victim after repeatedly punching him. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although there were inconsistencies between the victim's testimony and his prior statements regarding the amount of money taken, his testimony "was not so inconsistent as to be incredible as a matter of law" (*People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778). "Testimony will be deemed incredible as a matter of law only where it is 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*id.* at 1470; *see People v Stroman*, 83 AD2d 370, 372-373), and that is not the case here.  "Further, it is well settled that credibility issues are best resolved by the jury" (*Smith*, 73 AD3d at 1470; *see People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831), and we perceive no basis to disturb its determination. Finally, considering the nature of the crime, we conclude that the sentence is not unduly harsh or severe.

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court