# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

734
KA 14-02279
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEVI W. MAYNARD, DEFENDANT-APPELLANT.

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 17, 2014. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of sexual abuse in the first degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that County Court erred in refusing to suppress his confession inasmuch as his waiver of *Miranda* rights was involuntary in light of his insulin dependence, and the fact that he ate only a single cookie while with the police. We reject that contention. The police officers who questioned defendant testified that defendant waived his *Miranda* rights and agreed to speak with them; defendant did not ask for food after receiving a cookie, did not ask for medication or to go home, and did not appear to be distressed, confused, or disoriented. In fact, defendant described his physical condition to the officers as " 'awesome.' " We accord great weight to the determination of the suppression court " 'because of its ability to observe and assess the credibility of the witnesses,' " and we perceive no basis to disturb the court's determination that defendant understood the *Miranda* warnings and knowingly and intelligently waived his rights, despite the testimony of defendant's expert to the contrary (*People v McConnell*, 233 AD2d 867, 867, *lv denied* 89 NY2d 987; *see generally People v Williams*, 62 NY2d 285, 288-290).

Contrary to defendant's contention, the court did not abuse its discretion in denying his application for a pretrial "taint hearing" (*People v Weber*, 25 AD3d 919, 923, *lv denied* 6 NY3d 839; *see People v Thompson*, 59 AD3d 1115, 1116, *lv denied* 12 NY3d 860). "Defendant's attempt to show that . . . [the] victim[] had been subjected to undue suggestion or coercion was speculative, and the defense had a full opportunity to address this allegation on cross-examination of the victim[]" (*Weber*, 25 AD3d at 923).

Although defendant made specific challenges to the legal sufficiency of the evidence after the People rested their case, he failed to renew those specific challenges at the close of all proof and thus failed to preserve for our review his legal sufficiency contention (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Viewing the evidence in light of the elements of the crimes of predatory sexual assault against a child and endangering the welfare of a child as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to those crimes (*see generally People v Bleakley*, 69 NY2d 490, 495). While there were some discrepancies in the victim's testimony, "the complained of inconsistencies did not relate to whether the alleged sexual conduct occurred," and we therefore cannot conclude that the victim's testimony was incredible as a matter of law (*People v Raymo*, 19 AD3d 727, 728, *lv denied* 5 NY3d 793; *see People v Whipset*, 137 AD3d 1743, 1743, *lv denied* 27 NY3d 1141).

Defendant contends that his conviction of sexual abuse in the first degree must be reversed inasmuch as that conviction is against the weight of the evidence. We agree. Count two of the indictment was based solely on defendant's confession that the victim touched his penis with her hand. CPL 60.50 requires corroboration of such a confession: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." Here, there is no such corroboration. The People assert that defendant's confession "was sufficiently corroborated by the testimony of the child victim and her numerous hearsay disclosures solicited by the defense." The record does not support that assertion, however, inasmuch as the victim never testified that she touched defendant's penis with her hand, and there is no other evidence—hearsay or otherwise—independent of defendant's confession to support defendant's conviction of sexual abuse. Although it is well settled that "additional proof 'need not corroborate every detail of the confession,' " we conclude that defendant's conviction of sexual abuse in the first degree was "based solely on [defendant's] uncorroborated [confession]" (*People v Bjork*, 105 AD3d 1258, 1260, *lv denied* 21 NY3d 1040, *cert denied* ___ US ___, 134 S Ct 1306). Since there was "no corroborating proof 'of whatever weight,' [count two of the indictment] must be dismissed" (*id*.). We therefore modify the judgment by reversing that part convicting defendant of sexual abuse in the first degree and dismissing count two of the indictment. In light of our conclusion, we do not reach defendant's contention that sexual abuse in the first degree is a lesser included offense of predatory sexual assault against a child.

We reject defendant's contention that the court erred in allowing the six-year-old victim to give unsworn testimony (*see People v DelPrince*, 70 AD3d 1350, 1350, *lv denied* 14 NY3d 840).  "Although the victim did not understand the nature of an oath and thus could not give sworn testimony, [s]he possessed 'sufficient intelligence and capacity' to give unsworn evidence" (*id.; see People v Scott*, 86 NY2d 864, 865).

Contrary to defendant's contention, the court did not abuse its discretion in refusing to admit evidence that the victim's maternal uncle who, like defendant, had babysat the victim, had been convicted of, inter alia, a sex crime in Florida.  It is well established that third-party culpability evidence must be reviewed "under the general balancing analysis that governs the admissibility of all evidence" (*People v Primo*, 96 NY2d 351, 356).  Here, we conclude that proof of the uncle's conviction "would have caused 'undue delay, prejudice and confusion[,]' " and the court therefore properly refused to admit such proof (*People v Clarkson*, 78 AD3d 1573, 1574, *lv denied* 16 NY3d 829).

Contrary to defendant's further contention, the court did not err in precluding a defense expert from offering an opinion on the credibility of the victim.  " '[E]xpert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand,' " but such testimony "is not permitted . . . for the purpose of showing that the expert considers a particular complainant to be credible" (*People v Williams*, 20 NY3d 579, 584).  We reject defendant's contention that the court erred in allowing a prosecution witness to testify as an expert upon defendant's challenge that she was not qualified to provide an expert opinion on child abuse behaviors.  It is well settled that "[p]ractical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" (*People v Owens*, 70 AD3d 1469, 1470, *lv denied* 14 NY3d 890 [internal quotation marks omitted]).  We conclude that the court properly determined that the People's expert witness possessed sufficient practical experience in dealing with child victims of sexual abuse to qualify her to give expert testimony, despite the fact that she is not a psychologist or a medical doctor.

We also reject defendant's contention that he was denied effective assistance of counsel.  "[I]t is well settled that disagreement over trial strategy is not a basis for a determination of ineffective assistance of counsel" (*People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959).  Here, the alleged instances of ineffective assistance are based entirely on defendant's " 'hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies' " (*People v Inman*, 134 AD3d 1434, 1435, *lv denied* 27 NY3d 999).  We will not "second-guess" defense counsel's strategic decisions and, in any event, our review of the record as a whole establishes that defense counsel provided meaningful representation to defendant (*People v Cherry*, 46 AD3d 1234, 1238, *lv denied* 10 NY3d 839; *see generally People v Baldi*, 54 NY2d

137, 147).

The sentence is not unduly harsh or severe.  Defendant's remaining contentions are unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, they are without merit.

Entered:  October 7, 2016                    Frances E. Cafarell
                                            Clerk of the Court