■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BEAUHARNOIS, Appellant. [882 NYS2d 589]—

Stein, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered April 28, 2008 in Clinton County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, course of sexual conduct against a child in the first degree, predatory sexual assault against a child and endangering the welfare of a child.

In May 2007, the victim (born in 1995) told a fellow student on the school bus that he "didn't like Thursdays because [defendant] touche[d] [him] in a way [he didn't] like." Following this disclosure, the victim revealed, over the course of several meetings with the school social worker, a Department of Social Services caseworker and a police officer, that defendant had been repeatedly touching his genitals since he was six years old and had been anally penetrating him on a weekly basis for more than a year. Defendant was indicted for sexual abuse in the first degree, course of sexual conduct against a child in the first degree, predatory sexual assault against a child and endangering the welfare of a child. After a jury trial, defendant was found guilty on all counts and was subsequently sentenced to, among

other things, an aggregate prison term of 32 years to life. Defendant now appeals.

Focusing largely on the victim's credibility, defendant's first contention is that his convictions were against the weight of the evidence. Where, as here, a different result would not have been unreasonable, we must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" in deciding whether, based upon the credible evidence, "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Here, the victim testified that, between March 2002 and May 2002, the first of many incidents of sexual contact occurred when, while his mother was out and his newborn sister was in another room, defendant summoned the victim to defendant's bedroom, reached inside the victim's pants and underwear and touched the victim's penis for two or three minutes while moving his fingers "back and forth." The victim further testified that, when he was nine years old, defendant's sexual conduct toward him progressed from the touching of his genitals to anal penetration. The victim recounted in considerable detail the first such encounter and described a course of similar activity that recurred almost weekly for more than a year. The victim's testimony included such particulars as the different positions defendant placed him in, the rooms of the home in which the abuse occurred, defendant's use of lubrication, the various days of the week on which the abuse took place (depending on defendant's days off during a particular week), and whether or not his younger sister was in the home at the time. The victim also testified in detail regarding the last of these incidents which transpired just days before his twelfth birthday.

With respect to the victim's credibility, we have long recognized that " 'it is not uncommon for young children to be uncertain and even inconsistent in their trial testimony' " (*People v Stewart*, 20 AD3d 769, 770 [2005], quoting *People v Raymo*, 19 AD3d 727, 728 [2005], *lv denied* 5 NY3d 793 [2005]; *see People v Riback*, 57 AD3d 1209, 1213 [2008], *lv granted* 12 NY3d 790 [2009]; *People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]; *People v Wagner*, 178 AD2d 679, 680 [1991]). Here, the victim clearly and consistently recounted at trial the abuse to which defendant had subjected him over the course of approximately six years. Furthermore, the inconsistencies between the victim's statements and other evidence regarding

when the anal sexual conduct began bear only on the victim's credibility and do not relate to the material elements of the charged crimes in view of the time periods alleged in the indictment (*see People v Riback*, 57 AD3d at 1213; *People v Weber*, 25 AD3d at 921; *People v Stewart*, 20 AD3d at 770). Although the victim's story was, at times, inconsistent and contradictory as it emerged from the time of the initial interviews through his testimony on the witness stand, we cannot say that his trial testimony was utterly incredible or inherently unbelievable. In light of the extensive cross-examination and the thorough exploration of the troublesome aspects of the victim's testimony when contrasted with his prior statements, and according " '[g]reat deference' " to the jury's " 'opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Romero*, 7 NY3d at 644, quoting *People v Bleakley*, 69 NY2d at 495), we find no reason to disturb the jury's clear resolution of the issue of credibility in favor of the victim (*see People v Moore*, 59 AD3d 809, 810 [2009]; *People v Riback*, 57 AD3d at 1213).

The testimony of Clark Knutson, the victim's pediatrician who was also qualified as an expert at trial, substantiated the victim's testimony in significant respects. Knutson examined the victim within two weeks of the last alleged incident of anal penetration by defendant. Knutson testified that the victim's anus was patulous—meaning that it "fell open freely"—and, based upon its overall condition, he opined to a reasonable degree of medical certainty that the victim had been repeatedly, forcibly anally penetrated over a significant period of time. Knutson also confirmed that the victim's ongoing problem with soiling himself—a circumstance about which a number of other witnesses testified at trial—was a consequence of this repeated anal penetration and the resulting damage to his anus. Knutson, the only medical expert to testify at trial, also clearly and persuasively repudiated defendant's alternate theory to account for the victim's condition. Accordingly, upon our independent review of the evidence adduced at trial and the inferences to be drawn therefrom, and according due deference to the jury's resolution of credibility issues, we find that the verdict as to each count was in accord with the weight of the credible evidence.

Defendant next argues that his conviction on count two—course of sexual conduct against a child in the first degree (*see* Penal Law § 130.75 [1] [b])—should be dismissed as a lesser included offense of count three—predatory sexual assault

against a child (*see* Penal Law § 130.96). We agree.[1] In making this determination, we must ascertain whether it is, in the abstract, "impossible to commit [the greater crime] without concomitantly committing, by the same conduct, [the lesser offense]" (CPL 1.20 [37]; *see* 300.30 [4]; *see generally People v Glover*, 57 NY2d 61, 63-64 [1982]).

Pursuant to the subdivision charged here in count two,[2] defendant may be found guilty of course of sexual conduct against a child in the first degree if, "over a period of time not less than three months in duration[,] he . . . being [18] years old or more, engage[d] in two or more acts of sexual conduct, which include[d] at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than [13] years old" (Penal Law § 130.75 [1] [b]). Similarly, to be guilty of predatory sexual assault against a child as charged in count three, it must be proven that defendant, "being [18] years old or more, . . . commit[ted] the crime of . . . course of sexual conduct against a child in the first degree,[3] . . . and the victim is less than [13] years old" (Penal Law § 130.96).

Under the circumstances here, the commission of the crime of course of sexual conduct against a child in the first degree was an element of the crime of predatory sexual assault against a child and, indeed, the crimes as charged are essentially identical with respect to their elements (*compare* Penal Law § 130.75 [1] [b] *with* Penal Law § 130.96; *see generally* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 130, 2009 Pocket Part, at 127), the only variance between the two being their felony classifications.[4] Since it would be impossible for defendant to have committed the crime of

---

**1.** We note that defendant failed to preserve this issue by timely request or objection before Supreme Court. However, inasmuch as, " '[w]ith respect to inclusory concurrent counts, . . . [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted,' " we will modify the judgment accordingly (*People v Horton*, 46 AD3d 1225, 1227 [2007], *lv denied* 10 NY3d 766 [2008], quoting CPL 300.40 [3] [b]; *see* 300.40 [4]).

**2.** " 'The impossibility element speaks not to *all the variations of the greater* offense that are detailed in a Penal Law section with numerous subdivisions, but only to the subdivision which the particular act or omission referred to in the indictment brings into play' " (*People v Miller*, 6 NY3d 295, 302 [2006], quoting *People v Green*, 56 NY2d 427, 430-431 [1982]).

**3.** As charged here, the crime of course of sexual conduct against a child in the first degree providing the basis for the charge of predatory sexual assault against a child was also pursuant to Penal Law § 130.75 (1) (b).

**4.** Such a distinction renders course of sexual conduct against a child in the first degree, a class B felony, a crime of a "lesser grade or degree" (CPL

*(n. cont'd)*

predatory sexual assault against a child without concomitantly committing, by the same conduct, course of sexual conduct against a child in the first degree, the latter is a lesser included offense of the former (*see* CPL 1.20 [37]; *People v Miller,* 6 NY3d 295, 302-303 [2006]; *People v Scott,* 61 AD3d 1348, 1349 [2009]).[5]

However, we reject defendant's contention that endangering the welfare of a child is a lesser included offense of either predatory sexual assault against a child or course of sexual conduct against a child in the first degree. A conviction of endangering the welfare of a child requires proof that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]), thus requiring the "demonstration of an element or fact not required" when proving the two greater concurrent crimes charged here (*People v Green,* 56 NY2d 427, 431 [1982]; *see People v Ford,* 76 NY2d 868, 869-870 [1990]; *People v Wheeler,* 67 NY2d 960, 962 [1986]; *People v Acevedo,* 40 NY2d 701, 706 [1976]).[6]

Finally, we are unpersuaded by defendant's claim that the sentences imposed by Supreme Court were harsh and excessive. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof [positive] that defendant was punished for asserting his right to trial" (*People v Simon,* 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992] [citations omitted]; *see People v Massey,* 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]). Inasmuch as we do not find that the sentences imposed were an abuse of discretion or that extraordinary circumstances exist to warrant a reduction in the interest of justice, we decline to disturb them (*see* CPL 470.15 [3] [c]; *People v Cruz,* 53 AD3d 986, 986 [2008]; *People v Lowe,* 53 AD3d 982, 983 [2008]; *People v Dunton,* 30 AD3d 828, 830 [2006], *lv denied* 7 NY3d 847 [2006]).

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of course of sexual conduct against a

---

1.20 [37]; *see* 300.30 [4]) than predatory sexual assault against a child, a class A-II felony (*see People v Abrew,* 95 NY2d 806, 808 n [2000]).

5. Contrary to the People's contention, this is so even though the time period alleged for the greater offense was shorter than that alleged for the lesser offense because the time period alleged for the greater offense fell entirely within that alleged for the lesser offense.

6. To the extent that *People v Harp* (20 AD3d 672, 674 [2005], *lv denied* 5 NY3d 852 [2005]) held otherwise with respect to the crimes of course of sexual conduct against a child in the second degree and endangering the welfare of a child, it should no longer be followed.

child in the first degree under count two of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.