(September 3, 2009)

■ The People of the State of New York, Respondent, v Gary Alford, Appellant. [884 NYS2d 798]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 17, 2008, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), criminal sexual act in the first degree, sexual abuse in the first degree and course of sexual conduct against a child in the first degree.

Following a jury trial, defendant was convicted of two counts of predatory sexual assault against a child, criminal sexual act in the first degree, sexual abuse in the first degree and course of sexual conduct against a child in the first degree. The charges alleged sexual contact between defendant and his fiancée's then eight-year-old daughter, with both of whom he resided. He was thereafter sentenced to an aggregate prison term of 50 years to life.

Defendant first argues that the evidence was legally insufficient to support the verdicts on counts 1, 2 and 3 of the indictment and that the verdicts on all counts were against the weight of the evidence. As defendant concedes, the issue of the suffi-

ciency of the evidence was not preserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]). However, there is no preservation requirement for weight of the evidence review (*see People v Danielson*, 9 NY3d 342, 348 [2007]) and so, if a different result would not have been unreasonable, we must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*id.*). Then, based upon the weight of the credible evidence, we must "decide[ ] whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*id.*; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Mann*, 63 AD3d 1372, 1373 [2009]).

The victim testified that, during the relevant time period, when defendant babysat, he would watch pornography with her, lick her chest, touch her "private areas" and insert his penis into her vagina and her anus. Some of the victim's testimony was corroborated by her mother, who testified that the victim described to her certain details about defendant's penis and sexual acts. Also admitted into evidence were a written statement defendant gave to the police in which he admitted that he had inserted his penis into the victim's anus and a letter that he wrote to the victim in which he apologized for "what happen[ed]."

Although the victim at one point during the investigation recanted her allegations against defendant, the People presented the testimony of an expert who opined that it was not uncommon for children who have been sexually abused to recant their allegations. The jury also heard testimony from a medical expert who stated that the lack of evidence of physical injury did not necessarily indicate that the alleged sexual abuse did not occur. Although defendant took the stand and denied the charges, the jury, whose province it is to resolve credibility issues, obviously credited the victim's version of events and due deference is accorded to such determinations (*see People v Romero*, 7 NY3d 633, 643-644 [2006]). Upon a full review of the record, and viewing the evidence in a neutral light, we conclude that the verdicts are not against the weight of the evidence (*see People v Danielson*, 9 NY3d at 348; *People v Pomales*, 49 AD3d 962, 963 [2008], *lv denied* 10 NY3d 938 [2008]).

Defendant next contends that County Court erroneously precluded him from presenting the testimony of the victim's psychologist to impeach the victim's credibility. At the trial, after the victim denied on cross-examination that she had been treated by the psychologist for an alleged tendency to manipulate adults with lies, defendant sought to introduce the

testimony of that psychologist to establish that the victim had, in fact, been so treated. Although County Court denied this request, the evidence was nevertheless presented to the jury upon cross-examination of the victim's mother, who was specifically questioned about the treatment that she sought for the victim. The mother testified at length and admitted that she had taken the victim to the psychologist and stated that the treatment included a plan to address the victim's tendency to lie and manipulate adults. In addition, the mother admitted that the victim had a history of lying, including an incident in which she had apparently falsely accused defendant of sexually abusing her. The mother also testified that the victim had a history of faking seizures to gain the attention of adults, which had ultimately led to the child's expulsion from school. In light of this testimony, and considering the other evidence of defendant's guilt, it cannot be said that there is a "significant probability" that the jury's decision would have been different had the testimony of the psychologist been presented to it (*People v Crimmins*, 36 NY2d 230, 242 [1975]). As such, any alleged error in excluding the testimony would be harmless (*see id.*; *People v Hopkins*, 56 AD3d 820, 822-824 [2008]).

Next, we agree with defendant's contention that his conviction on count 5—course of sexual conduct against a child in the first degree (*see* Penal Law § 130.75 [1] [a])—should be reversed and that count dismissed as a lesser included offense of count 4—predatory sexual assault against a child (*see* Penal Law § 130.96), since it would be impossible for defendant to have committed the latter crime without concomitantly committing, by the very same conduct, the former crime (*see People v Beauharnois*, 64 AD3d 996, 998-1001 [2009]). By the same rationale, the conviction on count 2—criminal sexual act in the first degree (*see* Penal Law § 130.50 [3])—should be reversed and that count dismissed as a lesser included offense of count 1, which also charged predatory sexual assault against a child.*

Finally, we are not persuaded that the sentences imposed are either illegal or harsh and excessive. The record supports a finding that the crime charged in count 4 of the indictment—predatory sexual assault against a child—was committed through acts that were clearly separate and distinct from the acts

---

* We note that defendant did not raise this issue with respect to count 2 in his brief on appeal. However, as we have previously stated, " '[w]ith respect to inclusory concurrent counts, . . . [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted' " (*People v Horton*, 46 AD3d 1225, 1227 [2007], *lv denied* 10 NY3d 766 [2008], quoting CPL 300.40 [3] [b]; *see* CPL 300.40 [4]; *People v Beauharnois*, 64 AD3d at 999-1000). Thus, we will modify the judgment accordingly.

underlying the crimes charged in counts 1 and 3. Therefore, a consecutive sentence imposed for that conviction was permissible (*see* Penal Law § 70.25 [2]; *People v Salcedo*, 92 NY2d 1019, 1021 [1998]). Considering the nature of the crimes, the relationship between defendant and his victim and his significant criminal history, we do not find that the sentences are harsh and excessive. Also, while we note that reversal on the convictions on counts 2 and 5 does not result in a lesser aggregate sentence, we do not find the existence of extraordinary circumstances that would warrant a downward modification of the remaining sentences in the interest of justice.

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of criminal sexual act in the first degree under count 2 of the indictment and course of sexual conduct against a child in the first degree under count 5 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.