OPINION OF THE COURT
Jerome J. Richards, J.
Notice of Alibi
Defendant’s omnibus motion first seeks to file a late notice of *892 alibi. Defense counsel has established good cause for late filing of the notice, which is attached to the moving papers. As explained in defense counsel’s letter (exhibit A on motion), the alleged criminal acts occurred more than two years earlier, making preparation of a notice of alibi difficult. The People have noted on the record that they do not oppose the request, and the notice will be deemed timely and is directed to be filed.
Statutes with Identical Elements — Rule of Lenity
The second and third branches of defendant’s motion concern counts one and two of the indictment. Count one charges defendant with predatory sexual assault against a child (Penal Law § 130.96) on July 17, 2007, allegedly committed when defendant was more than 18 years old, at which time he allegedly committed rape in the first degree against a female who was less than 13 years old. Count two charges the same crime on the same legal theory, on August 17, 2007 against the same complainant. Counts three and four charge criminal sexual act in the first degree (Penal Law § 130.50 [4]) with the same victim on the same dates as alleged in counts one and two. Count five charges endangering the welfare of a child (Penal Law § 260.10 [1]) encompassing all of the conduct charged in counts one through four inclusive.
Defense counsel first argues that the court should reduce the charge in counts one and two to charge rape in the first degree as defined in Penal Law § 130.35 (4) (actor over 18 and victim under 13) under CPL 210.20 (1) (h) and the rule of lenity.* Defense counsel notes that the elements of predatory sexual assault against a child are identical to those of rape in the first degree as charged in this indictment. Predatory sexual assault against a child is a class A-II felony, with a mandatory minimum sentence of 10 years to life and a maximum of 25 years to life. By contrast, rape in the first degree is a class B felony, with *893 a mandatory determinate sentence having a minimum of five years and a maximum of 25 years, followed by at least five years of postrelease supervision. (See Penal Law § 70.80 [4] [a] [i]; § 70.45 [2-a] [f].) The two crimes also have different plea bargain restrictions: with respect to the predatory sexual assault against a child charge, the plea must be at least to a class C violent felony; whereas a defendant may plead guilty to a class D violent felony in satisfaction of a charge of rape in the first degree.
Defense counsel cites People v Eboli (34 NY2d 281 [1974]) and People v Discala (45 NY2d 38 [1978]), both of which address the overlap of elements in the substantive crimes of misdemeanor coercion in the second degree (Penal Law § 135.60) and felony coercion in the first degree (Penal Law § 135.65). Defense counsel reads the cases as arguably having similar but not identical elements. As counsel notes, both cases talk about a distinction between the two crimes not in terms of differing elements but in terms of what the courts have termed “the heinous quality.” (Eboli at 287; Discala at 42.) Defense counsel further cites Donnino, Practice Commentary, which states as follows:
“The crime of ‘predatory sexual assault against a child’ was added in 2006 [L. 2006, c.107; Penal Law § 130.96]. This crime requires that the offender be 18 years old or more and commit the crime of first-degree ‘rape,’ ‘criminal sexual act,’ ‘aggravated sexual abuse,’ or ‘course of sexual conduct against a child,’ and that the victim must be less than 13 years old. The definitions of first-degree ‘rape,’ ‘criminal sexual act,’ and ‘course of sexual conduct against a child’ include the commission of such crimes against a child less than 13 years old when the actor is 18 years old or more [Penal Law § 130.35 (4) (‘rape’); Penal Law § 130.50 (4) (‘criminal sexual act’); Penal Law § 130.80 (1) (b) (‘course of sexual conduct against a child in the second degree’)]. . . .
Thus, the effect of the addition of the crime of ‘predatory sexual assault against a child’ was to upgrade the classification of those four crimes from a class B to a class A-II felony when the victim is a child less than 13 years old and the actor is 18 years old or more.
“Where the degrees of a crime overlap, the prosecutor has the discretion to charge the higher degree based on the prosecutor’s evaluation of the seriousness of the conduct [see People v. Eboli, 34 NY2d *894 281 . . . (1974)], and, if the higher degree is charged, the trial court has similar discretion in determining whether to instruct the jury on the lesser included offense [see People v. Discala, 45 NY2d 38 . . . (1978)].” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 130.00 [Sex offenses], at 82-83.)
Defense counsel argues that neither Eboli, nor Discala, nor the Donnino Commentary applies directly to the case at bar because here the elements of the two crimes are absolutely identical. Since the statute does not distinguish between the two, or provide guidance as to when the prosecutor should charge the lesser or the greater crime, other than as the result of a subjective assessment of the relative “heinous quality” of the particular defendant’s acts, counsel asserts that the defendant is thereby denied due process and equal protection of the laws. Accordingly, defense counsel asks the court to declare both the rape in the first degree statute (under Penal Law § 130.35 [4]) and the predatory sexual assault against a child statute unconstitutional as applied to defendant. Defense counsel has given notice of the constitutional challenge to the attorney general, as required by Executive Law § 71 and CPLR 1012 (b) (1). The attorney general has not appeared or responded in the case (and was not required to do so).
Defense counsel further argues that the legislature, in enacting the crime of predatory sexual assault against a child, gave no indication of granting a prosecutor the power to choose between prosecuting particular conduct as a predatory sexual assault against a child or as a rape in the first degree based on the age differential between actor and victim. The absence of any declaration of legislative purpose or findings leads defense counsel to conclude that the legislature may have made a mistake, and may simply have overlooked the fact that the rape in the first degree statute already criminalized the same conduct. However, a review of the legislative history of Laws of 2006 (ch 107), which began as 2005 NY Assembly Bill A8939, suggests that this is not the case. Introduced by the Assembly Rules Committee, the Sponsor’s Memorandum for the bill states as follows in the justification section:
“New York’s enactment of the Sexual Assault Reform Act of 2000 . . . along with subsequent amendments to [it] in 2003, [and] the enactment of [Megan’s Law] and the continuing strengthening of *895 that landmark legislation have given this state a package of tough laws to combat sexual assault. Despite this latticework of tough penalties, mandatory registration and ongoing monitoring of sex offenders, more needs to be done. This bill, by providing life maximum sentences for first time offenders who commit egregious acts of sexual assault, would increase penalties to further deter and punish these heinous crimes.” (2006 McKinney’s Session Laws of NY, at 1603.)
Penal Law § 130.35 (4), defining rape in the first degree as sexual intercourse between an actor who is 18 years old or more and a victim who is less than 13 years old, was enacted by Laws of 2000 (ch 1, § 34). This makes it clear that in 2006 the legislature was explicitly aware that it was raising at least the range of penalties applicable to this conduct.
Lastly, with respect to the question of lenity, defense counsel further urges this court to find that the conduct alleged in the indictment is not egregious or heinous to such a degree as to warrant defendant being charged with predatory sexual assault against a child.
In response, the People argue that (1) defendant was not charged with rape in the first degree, and therefore he lacks standing to challenge the constitutionality of that statute; (2) case law upholds the discretion of the prosecutor to decide under which statute to prosecute a defendant in a number of different situations, including the one at bar; and (3) since the crime of predatory sexual assault against a child is not unconstitutional, there is no requirement that the court reduce those counts to charge rape in the first degree under Penal Law § 130.35 (4), and this court has already sustained the legal sufficiency of the grand jury evidence with respect to the counts charging predatory sexual assault against a child, in the court’s order dated June 8, 2009.
Although defense counsel has argued that both the predatory sexual assault against a child statute and the rape in the first degree statute (under Penal Law § 130.35 [4]) are unconstitutional as applied to him, the focus of his argument is that leaving to the prosecutor to decide which statute to charge, without guidelines in the law, is a denial of equal protection to him, and is fundamentally unfair because of the huge disparity in sentencing requirements and plea restrictions for the two crimes.
*896 Defense counsel has not argued that either statute, standing alone, is ambiguous or facially unconstitutional. As the prosecution notes, defendant is not charged with rape in the first degree. The People therefore rightly argue that defendant lacks standing to challenge the rape statute. (Cherry v Koch, 126 AD2d 346 [2d Dept 1987], lv denied 70 NY2d 603 [1987].)
In People v Eboli (34 NY2d 281 [1974]), the Court of Appeals examined the elements of coercion in the first and second degrees, and noted that they are virtually identical when the coercion is committed by instilling a fear that a person will be physically injured or that property will be damaged. Citing its own earlier precedents, the court specifically rejected the argument that such a statutory scheme denies a defendant due process or the equal protection of the laws, even though it involves “wide prosecutorial discretion.” (34 NY2d at 285.) The Eboli court added that a defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution. (34 NY2d at 289.) Thirty-five years ago, that court closed its decision with an observation that goes to the heart of the present issue:
“In short, we prefer to recognize the irreducible fact that society is presently relying upon the good judgment of its prosecuting attorneys to charge crimes fairly. If this overall discretion is thought too great, or lacking in sufficient control, the remedy would appear to lie in the creation of general methods, perhaps administrative, to structure and direct that discretion. (See Breitel, Controls in Criminal Law Enforcement, 27 Univ. Chicago L. Rev. 427; Davis, Discretionary Justice, pp. 188-214, 219-222).” (People v Eboli, 34 NY2d 281, 290 [1974].)
In People v Discala (45 NY2d 38 [1978]), the court held that misdemeanor coercion is a lesser included offense of felony coercion. Citing its earlier holding in Eboli, the court wrote that by making the misdemeanor offense “all inclusive” the legislature apparently created a “safety-valve feature” for the prosecutor to use when “an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality the Legislature associated with such threats.” (Eboli, 34 NY2d at 287, cited in Discala, 45 NY2d at 41.) Here, defendant argues that the facts of his case do not suggest particularly egregious or heinous acts, however those might be defined, beyond the as *897 sertions that a 33-year-old man had sexual intercourse with an 11-year-old girl, who later reported the acts to her mother.
The New York appellate courts have consistently adhered to the view that overlap in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution. (People v Vicaretti, 54 AD2d 236, 239-240 [4th Dept 1976], lv denied 41 NY2d 869 [1977]; People v Vaccaro, 44 NY2d 885 [1978]; People v Robinson, 95 NY2d 179, 184 [2000]; People v Urbaez, 10 NY3d 773, 775 [2008]; People v Adams, 50 AD3d 433 [1st Dept 2008], lv denied 10 NY3d 955 [2008]; People v Greene, 57 AD3d 1004, 1005 [2d Dept 2008].)
In People v Alford (65 AD3d 1392 [3d Dept 2009]) the court reversed defendant’s convictions for course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and criminal- sexual act in the first degree (Penal Law § 130.50 [3]) on the grounds that both crimes were lesser included offenses of predatory sexual assault against a child (Penal Law § 130.96), for which defendant was also convicted, and that it would have been impossible for defendant to have committed the predatory sexual assault against a child without, by the very same conduct, committing the other crimes. As authority for its ruling, the Alford court cited its own recent decision in People v Beauharnois (64 AD3d 996 [3d Dept 2009]), which cited the Donnino Practice Commentary to Penal Law article 130, and noted the essentially identical elements of the two crimes involved, and the difference in felony grades for the two crimes. The Beauharnois court (at 1000 n 4) noted that
“[s]uch a distinction [in felony grades of the two offenses] renders course of sexual conduct against a child in the first degree, a class B felony, a crime of a ‘lesser grade or degree’ (CPL 1.20 [37]; see 300.30 [4]) than predatory sexual assault against a child, a class A-II felony (see People v Abrew, 95 NY2d 806, 808 n [2000]).”
The legal doctrine of stare decisis directs courts to adhere to, and abide by previous judicial precedent on a question of law, particularly when that precedent is found in a decision from an appellate court and when that earlier ruling was an integral part of the decision in the earlier case and was not merely incidental (obiter dicta) to it. (See generally People v Hobson, 39 NY2d 479 [1976]; People v Taylor, 9 NY3d 129 [2007]; McKinney’s Cons Laws of NY, Book 1, Statutes § 72, at 140-144.) Given the fact that the elements of predatory sexual assault against a *898 child and rape in the first degree as defined by Penal Law § 130.35 (4) are identical, coupled with the great disparity of sentencing and plea options for the two crimes, defendant has raised a serious and troubling issue. Nonetheless, the issue has been squarely decided by appellate courts. Consequently, this court is not free to review the constitutional arguments based on the issues raised by the defense. The motion to dismiss or reduce counts one and two is therefore denied.
Demand for Bill of Particulars
Defendant’s fourth request in the motion, in the event that the court declined to dismiss or reduce counts one and two, is for a bill of particulars pursuant to CPL 200.95 disclosing the substance of defendant’s conduct relating to those counts, that justify the prosecutor’s decision to charge defendant with predatory sexual assault against a child rather than with rape in the first degree. As a rationale supporting this request, defense counsel states that he needs the requested information in order to decide whether or not to ask the court, in the event of a trial, to instruct the jury on the lesser included counts of rape in the first degree. In response, the People argue that the request is untimely, and therefore not properly before the court. The People further aver that the defense has not shown good cause for a late demand.
Under the cases already discussed earlier in this decision, the prosecutor is free to decide under which statute to charge defendant, and absent evidence that such discretion was abused, the decision is not subject to review by this court. Since appellate cases have determined essentially that each of the component crimes of predatory sexual assault against a child is a lesser included offense of that crime, the court, if asked to do so by defense counsel, would be prepared to submit the lesser crime to the trial jury in the alternative. The request for a bill of particulars is therefore not only untimely and not in compliance with the statutory procedure; it is also unnecessary, and is therefore denied.
Demand for Disclosure of Victim’s School Records and Psychiatric and Medical Records
Pursuant to CPL article 240, defendant seeks to compel disclosure of the victim’s psychiatric and medical records for 2006 through June 2009, and the victim’s school records for the same period of time. Defense counsel argues that all of these *899 materials are exculpatory or material and necessary, and must therefore be disclosed by the People. In the alternative, defense counsel asks the court to issue a judicial subpoena duces tecum to produce the records for in camera inspection by the court.
In support of the request for school records, counsel cites a telephone call, monitored and recorded by the police, in which the victim reportedly tells the defendant that she was “kicked out of school” in 2009 because of “what we did.” Defense counsel interprets these words as the victim blaming defendant for her school troubles because of the alleged sexual conduct in 2007.
Defense counsel has tendered the affidavit of Sandra LaPage, mother of defendant, concerning a conversation that Ms. LaPage had with the victim’s mother in August 2007, in which the victim’s mother allegedly told defendant’s mother that the victim’s mother was having a hard time with the victim, because of her diagnosis as having a bipolar disorder and because of the medications prescribed for that condition. Ms. LaPage states that the victim’s mother told Ms. LaPage that the victim’s mother believed that the victim was going to be expelled from school “because of her lying and the temper-tantrums that she threw in the classroom.” (LaPage affidavit 11 6.) Ms. LaPage further quotes the victim’s mother as expressing her frustration with the victim “lying all the time, which was a symptom of her bi-polar disease.” (LaPage affidavit at 8.)
With respect to the school records, the People respond that the requested records are not in their possession, and are therefore not discoverable property under CPL article 240. The People also assert that the records would only be available through use of a subpoena duces tecum. The People also assert that records predating the year of the alleged criminal acts cannot be exculpatory, and have also not been shown to be anything more than potential impeachment material, if they were found to have any relevance at all. The prosecution cites People v Gissendanner (48 NY2d 543 [1979]) and People v Reddick (43 AD3d 1334 [2007], lv denied 10 NY3d 815 [2008]), for the view that potential impeachment use at trial is not a sufficient justification for issuance of a subpoena duces tecum, particularly where, as is true here, the demand is based on counsel’s speculation as to what information would be found in the records. This branch of the defense motion is therefore denied.
With respect to the demand for mental health records of the victim, defense counsel cites Giglio v United States (405 US *900 150 [1972]) and People v Gissendanner (48 NY2d 543 [1979]) as supporting his request for disclosure of information bearing on the victim’s credibility. Since the victim’s testimony would have direct bearing on defendant’s guilt or innocence, information relevant to the credibility of such a witness is deemed exculpatory or material and helpful to the defense and must be disclosed. Here it is alleged from the victim’s mother, by affidavit of a person with whom the mother spoke, that the victim suffers from bipolar disease and has a habit of lying on a regular basis.
The People respond by acknowledging that in some cases disclosure is warranted, but only when the crime victims are prone to hallucinations or fantasies. In People v Plaza (60 AD3d 1153, 1154 [3d Dept 2009]), the court held that disclosure of records pertaining to mental health treatment given to the victim can only be made “upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality. (Mental Health Law § 33.13 [c] [1].)” The court finds that defense counsel has made a sufficient showing to merit an in camera inspection of the requested records. (See People v Bush, 14 AD3d 804 [3d Dept 2005].) Defense counsel is directed to submit on notice to the district attorney a proposed judicial subpoena duces tecum returnable in the court’s chambers concerning these records.
Lastly, defense counsel asks, pursuant to CPL 240.43, that a combined hearing on impeachment material and Molineux issues be conducted not less than three days before commencement of trial. Since the People do not object, the request is granted.

 The rule of lenity has been described in slightly different ways, depending on the context, but seems generally to direct that where a legislature fails to give notice of the scope of punishment by leaving ambiguities in a statute, the rule should be applied to give defendant the lesser of two available penalties. (See discussion in Sash v Zenk, 439 F3d 61, 64 [2d Cir 2006]; Matter of Kimberly H., 196 AD2d 192, 195 [1994]; People v Green, 68 NY2d 151, 153 [1986]; People v Jackson, 106 AD2d 93, 96 [1984].) See also United States v Rodgers (466 US 475 [1984]), cited in Jackson, for the view that when asked to apply the rule of lenity the court should focus on its perception of legislative intent in the statutes under review. (Jackson at 96.) In Rodgers, the Supreme Court declined to apply the rule of lenity, finding the statutes not sufficiently ambiguous to warrant such analysis.