People v Van Alphen (2018 NY Slip Op 08374)





People v Alphen


2018 NY Slip Op 08374


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

108926

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEANINE VAN ALPHEN, Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
Paul Czajka, District Attorney, Hudson (James Carlucci of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered October 18, 2016, upon a verdict convicting defendant of the crime of predatory sexual assault against a child (two counts).
Defendant and three codefendants were charged in an indictment with offenses stemming from their alleged sexual abuse of multiple children. The relevant charges for our purposes were counts 6 and 7, charging defendant with the crime of predatory sexual assault against a child, and counts 20 and 21, charging defendant with the crime of course of sexual conduct against a child in the first degree, relating to her conduct toward victim A (born in 2004) and victim B (born in 2002) between June 2009 and February 2011. Following a jury trial, defendant was found guilty of those counts. Prior to imposing sentence, County Court dismissed counts 20 and 21 as lesser included offenses of counts 6 and 7, respectively (see People v Beauharnois, 64 AD3d 996, 999-1001 [2009], lv denied 13 NY3d 834 [2009]). County Court then sentenced defendant to 25 years to life in prison on count 6 as well as count 7, the sentences to run consecutively. Defendant now appeals.
Defendant's contention that the verdict was unsupported by legally sufficient evidence is not preserved for our review given her failure to advance the specific grounds she now relies upon in her trial motion to dismiss (see People v Norman, 154 AD3d 1185, 1186 [2017], lv denied 31 NY3d 986 [2018]; People v Novak, 148 AD3d 1352, 1353 [2017], lv denied 29 NY3d 1084 [2017]). Nevertheless, defendant also argues that her conviction was against the weight of the evidence, which obliges us to determine whether the elements of the crime were proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Hahn, 159 AD3d 1062, 1063 [2018], lv denied 31 NY3d 1117 [2018]; People v Norman, 154 AD3d at 1186). The crime for which defendant was convicted was predatory sexual assault against a child and is committed, as is relevant here, when a person over the age of 18 "commits the crime of rape in the first degree, . . . [or] course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96).
The proof at trial reflected that defendant lived with victim A, victim B and other children until February 2011. Victim A was six years old in February 2011 and acknowledged at trial that he did not remember the period from June 2009 to February 2011 well, but did recall defendant and the codefendants forcing him to engage in sex acts with victim B and a third child. He did not accuse defendant of having performed sex acts on him, but the third child, who was very young at the time of the alleged incidents, recounted in unsworn testimony that she saw defendant have sex with victims A and B. A more detailed account was offered by victim B, who was eight years old in February 2011. He testified to multiple instances during the charged period in which defendant fondled him and victim B, inserted objects into their anuses, placed their penises into defendant's vagina and made them insert objects into it. Victim A and victim B agreed that the sex acts were recorded, and victim B testified that the acts occurred frequently and did not stop until he and victim A were separated from defendant in February 2011.
Defendant points to the differing accounts of the children as to the nature and extent of her conduct, accounts that shifted from their grand jury testimony and, to some degree, during their trial testimony. "[I]t is not uncommon for young children to be uncertain and even inconsistent in their trial testimony," however, and that fact does not render their testimony incredible as a matter of law (People v Raymo, 19 AD3d 727, 728 [2005], lv denied 5 NY3d 793 [2005]; see People v St. Ives, 145 AD3d 1185, 1187 [2016], lv denied 29 NY3d 1036 [2017]). The involved children were cross-examined and their credibility was weighed by the jury, which acquitted defendant of numerous charges that included rape in the first degree. The jury did credit the proof that defendant, over the course of at least three months between June 2009 and February 2011, engaged in "two or more acts of sexual conduct [with victim A and victim B], which include[d] at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact" (Penal Law § 130.75 [1] [a]; see Penal Law § 130.00 [2], [10], [11]). This constituted course of sexual conduct against a child in the first degree as charged in counts 20 and 21 due to the ages of the victims (see Penal Law § 130.75 [1] [a]), which served as a predicate from which the jury could find that defendant had committed predatory sexual assault against a child as charged in counts 6 and 7 (see Penal Law § 130.96). We defer to the jury's resolution of those credibility issues and, viewing the evidence in a neutral light, "discern no basis to conclude that its determination here was against the weight of the evidence" (People v Thiel, 134 AD3d 1237, 1239-1240 [2015], lv denied 27 NY3d 1156 [2016]; see People v Thornton, 141 AD3d 936, 938 [2016], lv denied 28 NY3d 1151 [2017]; People v Wyre, 97 AD3d 976, 977-978 [2012], lv denied 19 NY3d 1030 [2012]).
Defendant next contends that the portion of the verdict convicting her of two counts of predatory sexual assault against a child was repugnant in light of her acquittal of counts charging one predicate offense (rape in the first degree) and the later dismissal of counts charging her with another (course of sexual conduct against a child in the first degree). To begin, the jury did find defendant guilty of course of sexual conduct against a child in the first degree with regard to both victims, which established "an element of the crime of predatory sexual assault against a child" (People v Beauharnois, 64 AD3d at 1000). The jury was correctly charged that sexual intercourse was only one of several types of conduct that could serve to underpin the crime of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [a]), as well as that the commission of rape in the first degree or course of sexual conduct against a child in the first degree would establish the offense of predatory sexual assault against a child (see Penal Law § 130.96). Accordingly, the jury's acquittal on the rape in the first degree counts was not "conclusive as to a necessary element of" predatory sexual assault against a child so as to render the verdict repugnant (People v Tucker, 55 NY2d 1, 7 [1981]). The verdict also revealed no confusion on the part of the jury and was not rendered defective when County Court dismissed the counts charging course of sexual conduct against a child in the first degree as lesser included offenses of the counts of predatory sexual assault against a child upon which defendant was convicted (see e.g. CPL 300.40 [3] [b]; People v Loughlin, 76 NY2d 804, 807 [1990]; People v Al Haideri, 141 AD3d 742, 745 [2016], lv denied 28 NY3d 1025 [2016]).
Defendant's challenge to County Court's jury instruction on the elements of course of sexual conduct against a child in the first degree is unpreserved for our review (see CPL 470.05 [2]; People v Taylor, 163 AD3d 1275, 1277 [2018], lv denied ___ NY3d ___ [Oct. 24, 2018]). [*2]In any event, the court's charge as to counts 20 and 21 "correctly recited the statutory elements of the crime and stated the fundamental legal principles applicable both generally and to this particular case," and, therefore, were this issue before us, we would not find that the alleged shortcoming deprived defendant of a fair trial (see CPL 300.10 [2]; People v Kuykendall, 43 AD3d 493, 495 [2007], lv denied 9 NY3d 1007 [2007]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.