People v Knight (2019 NY Slip Op 01135)





People v Knight


2019 NY Slip Op 01135


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8383 550/16

[*1]The People of the State of New York, Respondent,
v
Lonnie Knight, Defendant-Appellant. The Legal Aid Society, Bronx Defenders, and Brooklyn Defender Services, Amici Curiae.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), and Milbank, Tweed, Hadley & McCloy, LLP, New York (Christopher J. Spelman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.
The Legal Aid Society, New York (Martin J. LaFalce of counsel), for amici curiae.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at motions; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered March 16, 2017, as amended June 16, 2017, convicting defendant of criminal possession of a weapon in the third degree and theft of services, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to two to four years, and otherwise affirmed.
The challenged statutes defining and prohibiting possession of gravity knives (see Penal Law §§ 265.00[5], 265.01[1], 265.02[1]) are not unconstitutionally vague, either facially or as applied to defendant, because they provide "notice to the public and clear guidelines to law enforcement as to the precise characteristics that bring a knife under the statutory proscription" (People v Herbin, 86 AD3d 446, 446-47 [1st Dept 2011], lv denied 17 NY3d 859 [2011]; see Copeland v Vance, 893 F3d 101 [2d Cir 2018]). Police testimony established that defendant's knife met the statutory definition in that it could be opened by the centrifugal force produced by a wrist motion, and that it locked into place. To establish this strict liability offense, the People were not required to prove "that defendant[] knew that the knife in [his] possession met the statutory definition of a gravity knife" (People v Parilla, 27 NY3d 400, 404 [2016]). To the extent that defendant is also arguing that the verdict was not based on legally sufficient evidence or was against the weight of the evidence, we reject those arguments.
Defendant's claim that his conviction violated his Second Amendment right to bear arms is unavailing because defendant (who, we note, has multiple felony convictions) was convicted under Penal Law § 265.02(1), which criminalizes possession of weapons by persons previously convicted of crimes. States are broadly empowered to prohibit convicted criminals from possessing weapons (see District of Columbia v Heller, 554 US 570, 626 [2008]; People v Johnson, 111 AD3d 469, 470 [1st Dept 2013], lv denied 22 NY3d 1157 [2014]). Accordingly, defendant lacks standing to claim that Penal Law § 265.01(1)'s absolute prohibition of possession of gravity knives, by anyone, violates the Second Amendment (see People v Di Raffaele, 55 NY2d 234, 241 [1982]; People v LaPage, 25 Misc 3d 890, 896 [St Lawrence Ct 2009]). We do not reach any other Second Amendment issues.
The trial court correctly rejected defendant's request that the jury be given the "opportunity" to experiment with defendant's knife to determine whether it had the characteristics of a gravity knife. At trial, defendant offered no explanation of how such an [*2]experiment could be performed safely by jurors (see People v Kelly, 11 AD3d 133, 144, 147 [1st Dept 2004], affd 5 NY3d 116 [2005]). Moreover, the jurors observed an officer's in-court demonstration of how the knife operated. In any event, the deliberating jury never requested to experiment with the knife or even look at it, and the court was under no obligation to invite the jury to do either of these things.
By reading the statutory definition, the court properly instructed the jury on the meaning of the term gravity knife (see People v Berrier, 223 AD2d 456 [1st Dept 1996], lv denied 88 NY2d 876 [1996]). The court was not required to include additional language requested by defendant concerning the type or amount of centrifugal force needed to open the knife.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK